UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OVERLOOK BAY OWNERS ASSOCIATION INC, et al., | ) ) ) |
| Plaintiffs/Counter-Plaintiffs, | ) |
| v. | ) No. 3:19-CV-275-DCP ) |
| FLAT HOLLOW MARINA, LLC, | ) ) |
| Defendant/Counter-Plaintiff, | ) |
| v. | ) ) |
| TENNESSEE VALLEY AUTHORITY, | ) ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 15].

Now before the Court is Tennessee Valley Authority's Second Motion to Dismiss with Prejudice, Dissolve the State Court Order, and Remand all Remaining Claims ("Motion to Dismiss") [Doc. 10].[1] The parties appeared before the Court on January 14, 2020, for a motion hearing. Attorney Preston Hawkins appeared on behalf of Plaintiffs. Attorney Victor Pryor appeared on behalf of Flat Hollow Marina, LLC. Attorneys David Ayliffe and Maria Gillen appeared on behalf of Tennessee Valley Authority. Accordingly, for the reasons more fully explained below, the Court finds Tennessee Valley Authority's Second Motion to Dismiss [**Doc.**

---

[1] Tennessee Valley Authority filed a Motion to Dismiss on July 24, 2019, but later, Flat Hollow Marina, LLC, filed an Amended Complaint [Doc. 7], thereby mooting the Motion to Dismiss. [Doc. 9].

1

10] well taken, and it will be **GRANTED**. The Court will **REMAND** this case to the Chancery Court for Campbell County, Tennessee, for further proceedings.

I.  **BACKGROUND**

Tennessee Valley Authority ("TVA") removed [Doc. 1] this case to this Court from the Chancery Court for Campbell County, Tennessee, on July 17, 2019. The original complaint was filed in Chancery Court on November 8, 2010, by Plaintiff Overlook and Bay Owners Association, Inc., ("Overlook"), along with individual lot owners, against Flat Hollow Marina, LLC ("Marina"), alleging breach of contract and trespass. [Doc. 6-1 at 1]. Specifically, the complaint alleges that the Marina owns and operates Flat Hollow Marina and is limited to the use of areas within TVA's control pursuant to the harbor limits set out by plat of record in the Register of Deeds for Campbell County, Tennessee. [*Id.* at ¶ 5].

The complaint alleges that on November 22, 2005, Marina and Gary Farwick entered into a contract with TN Land Partners, LLC ("TN Land Partners"), Overlook's predecessor, wherein TN Land Partners paid Defendant $10,000 to remove cables from TN Land Partners' lands, and at Marina's sole expense, to move all houseboats, anchored watercraft, and floating docks back into the harbor limits ("Agreement") [*Id.* at ¶ 6]. The complaint alleges that despite the Agreement, Marina has failed to limit marina use of harbor space required by TVA. [*Id.* at ¶ 9]. The complaint alleges that Marina is in violation of TVA's Use Regulations as set out in the Code of Federal Regulations. [*Id.*]. The complaint avers that Marina is trespassing and has created a public nuisance. [*Id.*]. The complaint requests injunctive and declaratory relief. [*Id.* at 5-6].

On March 5, 2019, Marina filed a motion in Chancery Court, requesting that the court add TVA as a necessary party or dismiss Plaintiffs' complaint for failing to add a necessary party. [Doc. 6-3]. Marina alleged that TVA is a necessary party to this action because it has the authority

to determine harbor limits on all TVA reservoirs at its sole discretion. [*Id.* at ¶ 1]. Subsequently, on May 15, 2019, the Chancery Court granted Marina's motion and found that TVA is a necessary party pursuant to Tennessee Rule of Civil Procedure 19.01. [Doc. 1-1 at 13]. The court ordered Marina to "file whatever pleadings are necessary to join TVA as a party to this action." [*Id.*].

The Chancery Court's order prompted Marina to file a Complaint Adding the Tennessee Valley Authority as a Necessary Party [Doc. 1-1] on June 13, 2019. Marina's Complaint states that TVA is a necessary party due to TVA's authority and that the relief sought by Plaintiffs is inconsistent with the contractual relationship between TVA and Marina. [*Id.* at 5]. After the filing of Marina's Complaint, TVA removed the lawsuit to this Court.

On August 14, 2019, Marina filed an Amended Complaint for Declaratory Relief [Doc. 7]. Marina's Amended Complaint states that Plaintiffs are seeking to enforce a private contract in state court, via mandatory injunction, which contravenes the contractual rights of TVA and Marina. [Doc. 7 at ¶ 7]. The Amended Complaint explains that TVA has the exclusive authority to determine, regulate, adjust, and enforce commercial harbor limits on all reservoirs under its management, including the Norris Lake reservoir. [*Id.* at ¶ 3]. The Amended Complaint further states that on October 30, 2013, Marina and TVA entered a modified Commercial/Public License Agreement ("2013 License Agreement"), which includes 17.4 acres of open mooring space that was not included in the previously licensed harbor boundaries. [*Id.* at ¶ 7]. Marina alleges that TVA indicated that it was willing to work with it (Marina) to adjust the harbor limits upon application for a harbor limit adjustment. [*Id.* at ¶ 8]. Marina submitted an application for a harbor limit adjustment as directed by TVA. [*Id.* at ¶ 9]. Marina has paid rent for the open mooring space, which TVA has accepted, and therefore, Marina alleges that a valid contract exists between TVA and Marina for the use of the open mooring space. [*Id.* at ¶ 13].

The Amended Complaint avers that the proposed harbor limits indicated on TVA's January 2019 map are essentially the same as the area licensed to Marina in 2013 and includes 17.4 acres of open mooring space outside the previously licensed harbor limits. [*Id.* at ¶ 14]. The Amended Complaint states that the harbor limits advocated by Plaintiffs do not include the 17.4 acres of open mooring space licensed to Marina by TVA in the 2013 License Agreement. [*Id.* at ¶ 15]. The Amended Complaint alleges that Plaintiffs are attempting to limit Marina to the previously licensed mooring space of 38.6 acres by the imposition of a mandatory injunction in state court and that the harbor limits contended by Plaintiffs are substantially less than the licensed harbor area pursuant to the 2013 License Agreement. [*Id.* at ¶ 16].

Further, the Amended Complaint alleges that enforcement of the reduced harbor limits boundaries advocated by Plaintiffs would not relieve Marina of its obligation to pay TVA the total rent for 54 acres of water surface area licensed to Marina in October 2013, and the Marina would not be allowed to use the 17.4 acres of open mooring area. [*Id.* at ¶ 18]. The Amended Complaint maintains that Plaintiffs are attempting to use a state court civil action to usurp the exclusive authority of TVA to make all commercial harbor limit determinations, including adjustments, as granted by the Tennessee Valley Authority Act of 1933. [*Id.* at ¶ 20]. The Amended Complaint states that TVA's position that it never gave Marina permission to operate outside the licensed harbor limits and that the harbor limits remain unchanged is at odds with the permission given and the rents accepted. [*Id.* at ¶ 21].

The Amended Complaint states that the instant action is not simply a private contract dispute between Plaintiffs and Marina. [*Id.* at ¶ 24]. The Amended Complaint explains that TVA is involved in this action due to its plenary rights to determine harbor limits and its contractual and regulatory actions that establish conditional harbor limits until a determination of the requested

harbor limit adjustment is made. [*Id.*]. Further, the Amended Complaint states that the *Touhy*[2] regulations impede the ability of Marina to bring TVA before state court to clarify the apparent conflict between the terms of the 2013 License Agreement and an affidavit by a TVA representative regarding permission to water mooring space outside the licensed harbor limits. [*Id.* at ¶ 32].

The Amended Complaint requests that TVA be added as a necessary party to this litigation pursuant to Federal Rule of Civil Procedure 19. [*Id.* at 8]. Further, the Amended Complaint seeks declaratory relief. [*Id.* at 7].

## II. POSITIONS OF THE PARTIES

In its instant Motion [Doc. 10], pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1450, TVA seeks a Court order dismissing it from this lawsuit, dissolving the state court order, and remanding all claims to Chancery Court. For grounds, TVA argues that the underlying contract dispute is between Plaintiffs and Marina. TVA states that it is not a party to the Agreement. TVA asserts that the Court should dismiss it with prejudice because neither Plaintiffs, nor the Marina state a claim of relief against TVA, and it is not a required party pursuant to Rule 19. TVA states that in Marina's First Complaint, which is incorporated by reference in its Amended Complaint, it demands that TVA come forward and provide information to clarify and explain various issues related to the litigation. TVA asserts that Marina is attempting to force TVA to testify in this private contract dispute to avoid compliance with the *Touhy* regulations. TVA argues that because it claims no interest in this litigation and because the Court is able to accord complete relief between Plaintiffs and Marina without TVA's presence as a party, TVA is not a

---

[2] The *Touhy* regulations, named after *United States ex. rel. Touhy v. Ragen,* 340 U.S. 462 (1951), generally allow a federal agency to enact procedures for responding to discovery requests. 5 U.S.C. § 301; *see also* 18 C.F.R. §§ 1301.51-57 (2019) (TVA's *Touhy* regulations).

required party pursuant to Rule 19. Further, TVA argues that the Marina's harbor limits are established by regulation, and it is not possible for the outcome of this private contract dispute to impact the harbor limits. TVA states that there is no controversy as to it, and because its Motion should be granted, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Marina filed a Response [Doc. 12] in opposition to the Motion, stating that it seeks a declaratory judgment to determine and declare the respective rights of all parties in the location of the harbor area. Marina states that pursuant to Rule 19, TVA is a necessary party. Specifically, Marina states that Plaintiffs seek to enforce a harbor limit boundary through a mandatory injunction in state court that would eliminate the 17.4 acres of open mooring space licensed to Marina in October 2013. Marina states that TVA has chosen not to enforce the harbor limits that are advocated by Plaintiffs and that TVA is now considering Marina's harbor limit adjustment application. Marina argues that TVA invited it to apply for a harbor limit adjustment, and they entered into a License Agreement in 2013. Marina claims that it is not seeking an advisory opinion, but instead, it seeks a declaratory judgment to resolve the harbor limits issue that affects all parties, who have an interest in the same harbor.

TVA filed a Reply [Doc. 16], maintaining that it is not a required party under Rule 19 because the state court can accord complete relief in its absence and TVA claims no interest relating to the subject of this action. TVA states that to the extent Marina's harbor limits are relevant to this contract dispute, TVA has provided information about the harbor limits to Plaintiffs in response to their proper *Touhy* request. TVA asserts that the Court lacks subject matter jurisdiction to grant the Marina's request for declaratory relief as to TVA because there is no case or controversy as to it. Finally, TVA filed a Notice of Supplemental Authority [Doc. 19], attaching

the Sixth Circuit's recent decision in *Hensley v. Conner*, No. 19-55578, 2020 WL 113902 (6th Cir. Jan. 6, 2020).

## III. STANDARD OF REVIEW

As mentioned above, TVA has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). A motion filed pursuant to Rule 12(b)(1) challenges subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge of jurisdiction may be made through a facial attack or a factual attack. *Gentek Bld. Prods., Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 326 (6th Cir. 1990)). A facial attack challenges the sufficiency of the pleading, and a court must take the allegations in the complaint as true. *Id.* "On the other hand, where there is a factual attack, the Court must weigh the conflicting evidence provided by the plaintiff and the defendant to determinate whether subject matter jurisdiction exists." *U.S. v. Chattanooga-Hamilton County Hosp. Authority*, 958 F. Supp. 2d 846, 854 (E.D. Tenn. 2013) (citing *Gentek*, 491 F.3d at 330). The Court may consider evidence, including but not limited to, "affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* (citing *Gentek*, 491 F.3d at 330). "The party asserting that subject matter jurisdiction exists has the burden of proof." *Id.* (citing *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007)).

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff and to assume the veracity of well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.,* 484 F.3d 855, 859 (6th Cir. 2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

**IV.    ANALYSIS**

The Court has considered the parties' positions, and for the reasons more fully explained below, the Court finds TVA's Motion [**Doc. 10**] well taken, and it will be **GRANTED**.

As an initial matter, Plaintiffs stated at the motion hearing that they agree with TVA's Motion and that TVA should be dismissed. Plaintiffs stated that the underlying dispute is whether Marina breached the Agreement. TVA agreed, arguing that no party seeks relief from it. TVA acknowledged that it regulates harbor limits but argued that it is not a party to the Agreement. Marina insisted otherwise, arguing that harbor limits are not defined in the Agreement and that TVA decides the harbor limits. Marina acknowledged that it has a pending application to adjust the harbor limits but argued that TVA has allowed it to use the area beyond the harbor limits, subject to Marina paying rent. Marina further argued that Plaintiffs are trying to restrict its harbor limits, which is contrary to TVA's decision. Marina explained that in 2012, it was operating outside its harbor limits, so TVA instructed Marina to stay within the harbor limits or file an application for an adjustment. Marina stated that it filed an application for an adjustment and the risk in this case is that if Plaintiffs are successful in state court, such a result is contrary to TVA's authority to adjust the harbor limits.

In the instant matter, the Court finds that no party has stated a claim of relief against TVA. *See Hensley v. Connor*, No. 19-5578, 2020 WL 113902, at *2 (6th Cir. Jan. 6, 2020) ("As things now stand, no party seeks relief from TVA and consequently the district court correctly determined that no party states a claim against it."). Here, Plaintiffs acknowledged that they do not have a claim against TVA. Throughout Marina's Response, it states that it seeks clarification from TVA.

Clarification is not a claim of relief, and the Court agrees that Marina seeks a remedy without asserting a right. Marina argues to the contrary, stating that it seeks a declaratory judgment to resolve the harbor limits issue that affects all parties who have an interest in the same harbor. The Court disagrees with Marina's position.

The underlying dispute relates to the Agreement between Plaintiffs and Marina. Specifically, Plaintiffs allege that in 2005, they paid Marina $10,000 to remove cables, houseboats, anchored watercrafts, and floating docks back into Marina's harbor limits, which were set by TVA. Plaintiffs allege that Marina failed to remove such items, and therefore, is in breach of the Agreement. The parties acknowledged that Marina has a pending application with TVA to operate outside of its harbor limits, but this pending application does not affect Marina's alleged Agreement with Plaintiffs. Similarly, Marina argues that it has a 2013 License Agreement with TVA, which allows Marina to operate outside of the previously set harbor limits and includes 17.4 acres of open mooring space in exchange for the payment of rent. Again, this fact does not affect whether Marina breached its Agreement with Plaintiffs to remove its items within the Marina's harbor limits that existed in 2005.

A review of Marina's Amended Complaint for Declaratory Relief establishes that Marina has not asserted any claims of relief against TVA. Specifically, the Declaratory Judgment Act provides, in relevant part, as follows:

> (a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. "The point of the [Declaratory Judgment Act] is to create a remedy for a preexisting right enforcement in federal court . . . Such an independent source of rights exists

when, at the time of the lawsuit, one of the parties already could bring a 'coercive' action that Congress authorized the federal courts to hear." *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 902 (6th Cir. 2014). Here, Marina's Amended Complaint for Declaratory Judgment requests that the Court declare that the 2013 License Agreement is a valid, enforceable contract between TVA and Marina, which contractually establishes the harbor rights of Marina pending a determination of the adjustment. TVA, however, has not denied entering into the 2013 License Agreement. *See* [Doc. 11 at 5] ("TVA and the Marina entered into a License Agreement whereby TVA collects rent payments from the Marina to account for the area that the Marina is using outside its harbor limits.").[3] Further, Marina has not alleged that TVA breached the 2013 License Agreement. The remaining allegations pertain to TVA's authority to set harbor limits. The dispute is not about TVA's authority, but instead, whether Marina breached the Agreement when it failed to remove its items within the harbor limits as established in 2005. In summary, there is simply no coercive action against TVA in this case, and therefore, the Court finds that no claim has been stated against TVA.

For similar reasons, the Court does not find TVA to be a required party to this dispute. Rule 19 provides as follows:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[3] TVA points out that the 2013 License Agreement provides that "rent may go up or down if area used expands or reduces." [Doc. 11 at 5] (citing Doc. 1-1 at 30).

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). The Court finds that Rule 19(a)(1)(A) does not apply because a court can accord complete relief among the existing parties without TVA. The Court agrees with TVA in that the underlying dispute does not involve setting or changing Marina's harbor limits. Instead, it involves a 2005 Agreement, wherein Marina allegedly agreed to remove certain items that were beyond the harbor limits in exchange for $10,000. To the extent harbor limits are relevant, the Marina may seek discovery from TVA via the *Touhy* regulations, but this does not mean that TVA becomes a required party.

With respect to Rule 19(a)(1)(B), TVA does not assert an interest in this action but instead denies that it has any interest. *See Century Bus. Servs., Inc. v. Bryant*, 69 F. App'x 306, 311 (6th Cir. 2003) ("A party is not 'necessary' where it has not claimed an interest in the outcome of an action and complete relief can be ordered in its absence.") (citing *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*, 968 F.2d 1463, 1472 (1st Cir. 1992)); *Williams-Sonoma Direct, Inc. v. Arhaus, LLC*, 304 F.R.D. 520, 533 (W.D. Tenn. 2015) (explaining that the threshold condition is that the non-party claims an interest in the subject matter of this action). Finally, as pointed out by TVA, to the extent this opinion conflicts with the state court order, "the district court order supersedes the prior state court order." *Hensley*, 2020 WL 113902, at *2 (citing 28 U.S.C. § 1450).

Marina's reliance on *Prosser v. XTO Energy, Inc.*, No. 2:12-cv-0883, 2013 WL 1786456 (S.D. Ohio Apr. 25, 2013) does not convince this Court otherwise. In *Prosser*, plaintiff filed suit over an alleged breach of an oil and gas lease, and the complaint "reveal[ed] a potential cloud upon

title that is at the center of the parties' dispute." *Id.* at *1. Specifically, plaintiffs alleged that the deed contained a scrivener's error, while defendant raised the possibility that plaintiffs did not have a valid fee simple title to the lands at issue. *Id.* The defendant moved to have the plaintiffs' predecessors in title join the action, arguing that "[o]nly by joining the absent parties who may claim an interest in the subject property can the Court establish whether that language was a scrivener's error." *Id.* The court agreed with defendant, explaining as follows:

> Plaintiffs in this case ask for a declaratory judgment that they own the entire fee simple interest in the subject property. But without joinder of the parties whose deed conveyance in 1983 is the source of the title discrepancy in this case, there can be no such determination. By adjudicating this case without parties who may have an interest in the subject property, this Court does nothing more than place a further cloud on title.

*Id.* at *4.

The instant matter is distinguishable from *Prosser* because in *Prosser* the non-parties had an interest in the subject property. Here, TVA has denied having such an interest, and it is not a party to the Agreement. Under these circumstances, the Court does not find that TVA is a required party.

Accordingly, the Court will hereby remand this matter to the Chancery Court for Campbell County, Tennessee. *See Hensley v. Conner*, No. 3:18-CV-173, 2018 WL 6050593, at *2 (E.D. Tenn. Nov. 19, 2018), *aff'd,* No. 19-5578, 2020 WL 113902 (6th Cir. Jan. 6, 2020) ("Regarding the motion to remand, if the federal party is dismissed from the suit after removal under § 1442, the district court has discretion to remand the case to state court."). Here, the remaining claim involves a breach of contract claim between Plaintiffs and Marina. *Id.* (declining to "exercise supplemental jurisdiction over the remaining claims which involve questions under Tennessee law best decided by the state court"). This case proceeded in state court for approximately nine years

12

prior to its removal to this Court. The Court finds that judicial economy, convenience, fairness, and comity weigh in favor of remanding this case. *Id.* ("Generally, when all federal claims are dismissed, the balance of considerations such as judicial economy, convenience, fairness, and comity usually point to remanding state claims to the state court.").

## V. CONCLUSION

Accordingly, the Court **GRANTS** Tennessee Valley Authority's Second Motion to Dismiss with Prejudice, Dissolve the State Court Order, and Remand all Remaining Claims ("Motion to Dismiss") [**Doc. 10**]. The Court further **REMANDS** this case to the Chancery Court for Campbell County, Tennessee.

ORDER ACCORDINGLY:

Debra C. Poplin
United States Magistrate Judge